ON APPLICATION FOR REHEARING
Handley petitioned for a writ of mandamus to compel the trial court to vacate its order granting a new trial.[1] The writ was denied without opinion on November 14, 1985. Handley's application for rehearing is granted.
Handley sued the City of Birmingham (hereinafter "City") for negligence. The jury returned a verdict in favor of Handley, and judgment was entered in accordance with that verdict. The City filed motions for judgment notwithstanding the verdict (JNOV) and new trial. The trial court granted JNOV, finding no evidence of proximate cause. Handley appealed and we reversed, finding at least a scintilla of evidence on the proximate cause issue. Handley v. City of Birmingham, 475 So.2d 1185 (Ala. 1985). Upon remand, the trial court granted a new trial. Handley now contends that the trial court was without authority to order a new trial.
Rule 50 (c)(1), Alabama Rules of Civil Procedure, provides that if a motion for JNOV is granted "the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed." The rule is mandatory ("shall also rule"), and it is error not to rule on the new trial motion. White v. Packer,345 So.2d 312 (Ala.Civ.App. 1977); cf. Gordon Mailloux Enter., Inc.v. Firemen's Ins. Co., 366 F.2d 740 (9th Cir. 1966). The City did not on direct appeal raise the issue of the trial court's failure to conditionally rule on the new trial motion.[2] The City had a *Page 25 
right to have the motion ruled on, A.R.C.P. 50 (c)(1), and had an opportunity to appeal from the failure of the trial court to rule on the motion or to otherwise raise the issue on appeal. By failing to raise that issue, the City waived it. Barrett v.Farmers Merchants Bank of Piedmont, 451 So.2d 257 (Ala. 1984).
Consequently, the trial court had no discretion to grant a new trial upon remand after this Court's reversal of the order granting JNOV. Therefore, the writ of mandamus is due to be granted. Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983). The trial court shall enter judgment in favor of Handley.
APPLICATION FOR REHEARING GRANTED; WRIT OF MANDAMUS GRANTED.
JONES, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX and SHORES, JJ., dissent.
[1] Handley also appealed from the order granting a new trial. The appeal was dismissed on November 14, 1985. 482 So.2d 301. No rehearing application was filed as to the dismissal of the appeal.
[2] The City would have no incentive to appeal the failure to rule on the alternative motion for new trial, because it was granted the greater relief of a judgment in its favor. Only upon Handley's appeal from the granting of JNOV did the City have a reason to be concerned about the failure to rule on the alternative motion for new trial. The City, as appellee, could have raised the issue on Handley's appeal without filing a cross-appeal. Minthorne v. Seeburg Corp., 397 F.2d 237 (9th Cir. 1968); cf. Montgomery Ward Co. v. Duncan, 311 U.S. 243,61 S.Ct. 189, 85 L.Ed. 147 (1940).