German Auto, Inc., appeals from a judgment entered on a jury verdict against it and from the trial court's denial of its motion for a new trial. Benard Tamburello, the appellee, bought a 1986 white BMW 325es automobile from German Auto on January 20, 1987. Tamburello alleged that the car was represented and was warranted to be new and undamaged. After the purchase, he discovered that the left rear fender of the car had been damaged and repainted. After a German Auto representative inspected the car, German Auto offered to repair the car to Tamburello's satisfaction, give him a comparable new car of equal value, or to cancel the transaction and return Mr. Tamburello's trade-in automobile with no charge to Tamburello for the mileage accumulated on the 1986 BMW. Tamburello refused this offer. German Auto sued to rescind the contract on the basis of mutual mistake. Tamburello then sued, alleging fraud, breach of warranty, deceit, and breach of contract. This action was consolidated with German Auto's suit. Tamburello then amended his complaint, withdrawing his claims of breach of contract and breach of warranty.
After a jury trial, the jury returned a verdict in favor of Tamburello. The jury awarded Tamburello $2,350.00 in compensatory damages and $10,815.00 in punitive damages. German Auto made a motion for a judgment notwithstanding the verdict or for a new trial conditioned upon the plaintiff's refusal to agree to a remittitur of punitive damages. The trial judge denied the motion. On appeal, German Auto challenges only the trial court's denial of its new trial motion. *Page 240 
German Auto received Tamburello's car from the manufacturer on June 14, 1986. Charles Parker, a mechanic for German Auto, performed the predelivery inspection on the car a few days later. Mr. Parker testified that in June 1986, while performing a predelivery inspection, he backed a white BMW 325 into a pole. He testified that he put a dent about a foot and a half long above the left rear fender well. Mr. Parker testified that the car damaged was similar to Tamburello's car. Mr. Parker stated that he told the service manager, Tracy Kelly, about the incident. Mr. Kelly testified that he told Darryl Higginbotham, the sales manager, about the damage. Mr. Higginbotham said he did not remember whether he was told this by Kelly. The car was sent to Auto Laq Paint and Body Shop to be repaired. The estimates and repair order reveal that the left rear quarter panel of a white 1986 BMW 325es was damaged during predelivery inspection and was repaired and painted for $190.00. None of the documents contained the identification number for the car. There was testimony that this omission was a mistake on the part of German Auto's secretary. Mr. Higginbotham testified that there were no other German Auto records involving repair to the left rear quarter panel of a 1986 BMW 325 during this time period and that Tamburello's car was probably the one damaged by Parker. The predelivery inspection certification for Tamburello's car contained the entry "vehicle without scratches or damage." The box beside this line was not checked. There was conflicting evidence regarding the failure to check the box. Mr. Higginbotham testified that the failure to check it meant that the body of the car had not been checked for damage. Mr. Kelly, however, testified that the fact that the box was not checked meant that scratches or damage had been found. German Auto had a form to be used to disclose to a purchaser damage to an automobile. This form was not given to Tamburello.
Punitive damages may be awarded if there is a finding of intent to deceive or defraud. American Honda Motor Co. v. Boyd,475 So.2d 835 (Ala. 1985). However, if the representation was mistakenly and innocently made, then only compensatory damages are recoverable. § 6-5-101, Alabama Code 1975; Ex parte Lewis,416 So.2d 410, 411-12 (Ala. 1982) (Jones, J., concurring).
There was evidence from which the jury could conclude that, at the time of the sale, German Auto knew that this particular car had been damaged, and that German Auto intended to conceal this fact from Tamburello. There was evidence that the sales manager was told of the damage to the car, that no other 1986 BMW 325es at German Auto was similarly damaged during this time, that the predelivery inspection certification for Tamburello's car indicated that the dealership had discovered damage to the car, and that this form was available to the salesman who sold the car to Tamburello. Tamburello testified that he was told the car was new but that he was not told anything about whether the car had been damaged. Higginbotham testified that if a customer was told a car was new it would also mean the car was not damaged. There was also evidence that the Auto-Laq repair orders were not in the car's file and that the secretary omitted the car's identification number from the correspondence with Auto Laq. However, the jury was not required to believe that the misrepresentation to Tamburello was the result of a secretary's mistake. Because the evidence was not conclusive that the misrepresentation by German Auto was mistakenly or innocently made, the trial court correctly permitted the jury to decide the issue.
Tamburello argues that German Auto did not move for a directed verdict or object to the jury charge on punitive damages. Apparently, German Auto, in not moving for a directed verdict at the close of the evidence, recognized that a fact issue was presented on the question of whether the misrepresentation was innocent or was intended. Therefore, its motion for judgment notwithstanding the verdict was properly denied for that reason alone, since that post-trial motion for relief is unavailable to one who did not request a directed verdict at the close of all the evidence. King Mines Resort,Inc., v. Malachi Mining Minerals, Inc. 518 So.2d 714 (Ala. 1987). *Page 241 
The record does not contain the court's instruction to the jury. Thus, it is not clear whether German Auto failed to object to the charge on punitive damages. Therefore, no error is shown and the record presents nothing for us to review except the trial court's denial of the motion for new trial. Having reviewed the evidence, we cannot reverse the trial court's denial of Tamburelio's motion for a new trial. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.