A former nursing student, James Davis Nelson, Jr., filed this action against the University of Alabama and several of its faculty members and administrators on April 26, 1989.[1] His suit sought monetary damages, reinstatement in the University, and damages based on 42 U.S.C. § 1983 claims of denial of due process, denial of equal protection (gender discrimination), and conspiracy. The trial judge entered a summary judgment in favor of the defendants. Nelson appealed. We affirm.
The record reflects that James Davis Nelson, Jr., entered the University in the fall 1986 semester to pursue a course in nursing. Because of poor grades, he was placed on indefinite academic suspension at the end of the fall semester. However, the University waived his suspension and allowed him to enroll in nursing courses for the 1987 spring semester. He enrolled in two courses — Nursing 214, "Medication Calculations"; and Nursing 256, "Nursing Process." At issue is his performance in Nursing 256, a course that requires the student to obtain a satisfactory evaluation in the clinical part of the course and to sit for the National League of Nursing Achievement Test. As a consequence of his poor academic performance during the spring semester, he was again placed upon indefinite academic suspension.
Following this suspension, Nelson complained to Dean Mobley and Associate Dean Awtrey that the reason for his failure was incompetence on the part of his professors. They advised him that he could file an academic grievance under the University academic grievance procedure. On September 14, 1987, Nelson met with Dean Mobley and gave her a written complaint in which he asked that the University fire two professors. However, Nelson did not submit a written academic grievance about his grades until December 9, 1987. The record reflects that a series of meetings and discovery procedures followed. During this period, Nelson made repeated demands for a delay in the grievance procedure. Nelson filed this action on April 26, 1989. *Page 634 
The court heard motions for summary judgment by both the plaintiff and the defendants. The judge entered a summary judgment for the defendants, stating in his order:
 "This cause came to be heard on February 19, 1991, on plaintiff's motion for summary judgment and defendant's motion for summary judgment. After reviewing all evidence submitted and arguments and briefs of counsel, this court finds that although there are disputed facts, there is no evidence of disputed material facts. Defendants have presented substantial evidence rebutting plaintiff's claims, and the plaintiff has presented no substantial evidence in support of his claims of denial of due process, denial of equal protection (gender discrimination), and civil conspiracy. Therefore all defendants are entitled to a summary judgment as to all claims as a matter of law, and it is ordered that summary judgment be granted in favor of all defendants as to all of plaintiff's claims. In so ordering, this court is making no ruling as to the merits of plaintiff's grievances, which have been filed against various officials of the University of Alabama, since those matters are not before this court, and are not ripe for review by a Circuit Court. Those grievances are still pending, and the parties are encouraged to resolve those grievances promptly without further delay.
 "Costs of this action are taxed to the plaintiff for which let execution issue.
"Ordered this 21st day of February, 1991."
The issue before us is whether the trial court erred in entering the summary judgment for the defendants. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
We have carefully examined the record in this case and conclude that the judgment of the trial court should be affirmed. The record in this case is lengthy, running to five volumes; yet there is much extraneous matter and the trial court correctly concluded that although there are disputed facts, there is no evidence of disputed material facts.
Nelson first contends that the defendants denied him due process and discriminated against him because of his gender. There is simply no evidence to substantiate this claim. In fact, the evidence reflects that Nelson himself requested that the academic grievance procedures be halted, and he now claims the halt to be a denial of due process to him.
Nelson further claims that the defendants conspired to deny him a hearing on his academic grievances. He presented no evidence to support this claim. A civil conspiracy requires a combination of two or more individuals to accomplish an unlawful purpose or to accomplish a lawful end by unlawful means. Barber v. Stephenson, 260 Ala. 151, 69 So.2d 251 (1953);Eidson v. Olin Corp., 527 So.2d 1283, 1285 (Ala. 1988). While it appears that Nelson's contention is that University officials conspired to shift his grievances among themselves and thus to deny him due process, the record reflects that any shifting of *Page 635 
Nelson's academic grievances was due to Nelson's own actions. He has thus failed to show a wrong committed upon which a claim of civil conspiracy could be based.
On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law, as in the present case, the burden shifts to the nonmovant to show "substantial evidence" in support of his position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala. 1990). The record reflects that, as to each claim, Nelson failed to produce substantial evidence to establish a genuine issue of material fact. A summary judgment motion is not defeated by conclusory allegations or speculation that fact issues exist, and bare argument or conjecture will not satisfy the nonmoving party's burden to offer facts to defeat the motion. Williams v.Palmer, 277 Ala. 188, 168 So.2d 220 (1964); Riggs v. Bell,564 So.2d 882, 884 (Ala. 1990). Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] The plaintiff's complaint lists as defendants: "The University of Alabama System, Trustees of the University of Alabama System, and Trustees of the University of Alabama, Chairman, Hon. Governor Guy Hunt, Mr. Thomas Bar[t]lett, Former Chancellor, Mr. Sam Earl Hobbs, Interim Chancellor, The University of Alabama, Dr. Joab Thomas, Former President, Dr. Roger Sayers, Interim President, Dr. Douglas Jones, Vice-President Academic Affairs, Dr. Donald Crump, Assistant Vice-President, Mr. Kenneth Goodwin, Office of Counsel, Officially and Individually, Dr. Norma K. Mobley, Former Dean, Capstone College of Nursing, Officially and Individually, Dr. Janet Awtry, Dean, Capstone College of Nursing, Ms. Janice Nelson, Course Leader Instructor, Officially and Individually, and Ms. Marsha Adams, Assistant Professor of Nursing, Officially and Individually."