PER CURIAM.
Solomon Webb brought a negligence action against Philip D. Henderson on February 22,1991, for injuries sustained when he was struck by an automobile driven by Henderson.[1] The trial court entered a summary judgment in favor of Henderson and made that judgment final pursuant to Rule 54(b), A.R.Civ.P. Webb appeals.
In Nelson v. University of Alabama Systems, 594 So.2d 632, 634 (Ala.1992), this Court stated:
“In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the ‘substantial evidence rule’ (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. *104 SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present ‘substantial evidence,’ i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
In support of his motion for summary judgment, Henderson submitted his answers to Webb’s interrogatories, wherein he described the events immediately preceding the accident, stating:
“I was on St. Stephens Road, also known as U.S. Highway 45, proceeding north towards the 1-65 Service Road. I was traveling at approximately 35 miles per hour. As I proceeded into the intersection whereby St. Stephens Road intersects with Berkley and Bessemer Streets, I noticed that the traffic control device in the intersection indicated a yellow traffic signal which was turning red; I commenced braking as I approached the intersection and, because of the wet and rainy conditions, I began to hydroplane. After I first noticed this, I immediately let off my brakes and proceeded in the left-hand turn lane and began to brake again. My automobile again hydroplaned into the intersection and I ended up straddling the concrete median which separates the north-bound and southbound lanes of U.S. Highway 45 at the intersection. [Webb] was standing in the road surface of the north-bound lanes of Highway 45. The right front fender of my vehicle came into contact with [Webb]. I did not see him until the point of impact because I was braking at the time that I entered the intersection; I do not know my exact rate of speed at the time I entered the intersection.”
In opposition to Henderson’s motion for summary judgment, Webb submitted Henderson’s answers to interrogatories, the traffic accident report, and the statement of Micheli Lomax, who stated:
“Sometime between 12 and 1 p.m. on January 30, 1991, I was stopped at a red light in the left-hand turn lane of southbound Highway 45 at the intersection of the 1-65 overpass and frontage roads (service roads). While stopped at the red light, I purchased a newspaper from the Mobile Press Register newspaper person who was standing in the middle of the cement median which divides north and southbound Highway 45. Just as I was about to pay for the paper, a car traveling in the left lane of northbound Highway 45 ran the red- light and had to swerve to miss another car that was crossing the intersection with the green light from frontage road (service road) and struck my car on the driver’s side door and the newspaper person, knocking the newspaper person into the street towards the rear of my car. I then got out of my car to check on the newspaper person, and the man that struck the newspaper person and struck my car stated to me that he had run the red light.”
Viewing the evidence in a light most favorable to the nonmoving party, we find that Webb has produced substantial evidence to rebut Henderson’s prima facie showing. Nelson, supra. The trial court’s judgment is reversed and the cause is remanded for a jury trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ„ concur.

. Webb named Terry A. Bowick as a defendant, alleging that at the time of the incident, Webb was selling newspapers for the benefit of, and under the supervision of, Bowick. Bowick is not a party to this appeal.