STEAGALL, Justice.
The plaintiff, David Stinson, appeals from a summary judgment entered in favor of the City of Elba, the mayor of the City of Elba, and several members of the Elba City Council in an suit alleging negligence and wantonness and claiming damages under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.
Stinson was arrested by the Elba Police Department for third degree assault; he was transported by the police department to the Coffee County jail. While in the custody of the officials at the Coffee County jail, Stinson was assaulted by another inmate and in that assault he sustained injuries. Stinson sued the City of *67 Elba, the mayor of the City of Elba, several members of the Elba City Council, the sheriff of Coffee County, the jailer for Coffee County, the Coffee County Commission, and several members of the Coffee County Commission. He settled with all the Coffee County officials, and the trial court entered a summary judgment for the City of Elba and its officials, stating in part:
“[I]t is clear that the function of selecting a place of detention for municipal arrestees and prisoners is a discretionary function. The actions of the individual defendants in electing to continue the practice of utilizing the Coffee County jail as the place of detention were obviously administrative acts (or perhaps omissions due to the long-standing policy) within the general scope of the authority of the individual defendants. Thus, as a matter of law, the individual defendants are immune from liability under the undisputed facts in this case.
“It is a matter of established law that municipal corporations are ‘persons’ subject to liability pursuant to 42 U.S.C. § 1983. Monell v. New York City Department of Social Services, 436 U.S. 658 [98 S.Ct. 2018, 56 L.Ed.2d 611] (1978). However, the Court, in Monell, also addressed causation as a factor in determining liability of a municipal corporation. ‘We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government’s policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.’ Monell, p. 694 [98 S.Ct. at 2037-38]. In this case, it is obvious that the injury was caused by a private individual, a fellow inmate, after the plaintiff was placed in a cell with the assailant by the jailer, the employee and agent of the sheriff. The injury was caused by a fellow inmate. It could be logically contended that the jailer was liable under § 1983 for placing the plaintiff in the cell with a violent inmate. However, it cannot be said that the policy adopted by the City, in and of itself, caused the injury.”
Under Rule 56, A.R.Civ.P., a summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to the judgment as a matter of law. In determining whether the summary judgment was properly entered, this Court must view the record in a light most favorable to the nonmovant. Nelson v. University of Alabama System, 594 So.2d 632 (Ala.1992). This case was filed after June 11, 1987; accordingly, the “substantial evidence rule” applies to the ruling on the motion for summary judgment. See Ala.Code 1975, § 12-21-12. “In order to defeat a properly supported motion for summary judgment, the plaintiff must present ‘substantial evidence,’ i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Nelson, supra, at 634, quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1990).
Reviewing the record in this case in a light most favorable to Stinson, we conclude that the trial court’s judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.