STEAGALL, Justice.
Maine Fidelity Life Insurance Company (“Maine Fidelity”) sued J. Michael Parsons, alleging breach of contract; Parsons counterclaimed, alleging fraud. The trial court entered a summary judgment in favor of Maine Fidelity on its breach of contract claim and on Parsons’ fraud claim. The trial court denied Parsons’ post-judgment motion, and Parsons appeals.
Parsons and Maine Fidelity executed a general agent’s agreement, an annualized commission agreement, and a demand promissory note. Under the terms of the general agent’s agreement, Maine Fidelity agreed to appoint Parsons as a general *343 agent of Maine Fidelity to solicit applications for all forms of insurance issued by Maine Fidelity, and Parsons agreed to remit to Maine Fidelity all sums due to it through loans, advances, or overpayment to Parsons. Under the terms of the annualized commission agreement, Maine Fidelity agreed to advance commissions to Parsons, and Parsons agreed to repay Maine Fidelity, subject to the terms of the agreement. The general agent’s agreement provided that “[tjhis agreement may be voluntarily terminated without cause by either party upon thirty (30) days’ written notice.” The annualized commission agreement could, by its terms, “be terminated by either party at any time upon written notice to the other,” and it was to “automatically terminate upon the termination of the General Agent’s Agreement, provided that the termination of this Annualized Commission Agreement shall not affect the General Agent’s obligation to repay the indebtedness incurred hereunder.” Pursuant to the annualized commission agreement and the demand promissory note, Maine Fidelity advanced to Parsons $30,000 in three payments of $10,000 each. Maine Fidelity subsequently terminated the agreements between the parties and sought to recover the amounts due under the agreements between the parties.
Parsons alleges that an agent for Maine Fidelity orally promised him that his contract with Maine Fidelity would not be terminated within the first 12 months of the contract. Parsons argues, therefore, that the summary judgment is not appropriate, even though the written contract contains a clause allowing termination upon 30 days’ notice.
Under Rule 56, A.R.Civ.P., a summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. In determining whether the summary judgment in this case was proper, this Court must view the record in a light most favorable to Parsons. Nelson v. University of Alabama System, 594 So.2d 632 (Ala.1992). This case was filed after June 11, 1987; accordingly, the “substantial evidence rule” applies to the ruling on the motion for summary judgment. See Ala. Code 1975, § 12-21-12. Once a movant makes a prima facie showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law, the nonmovant must present substantial evidence in support of his position in order to withstand the motion for summary judgment. Betts v. McDonald’s Cory., 567 So.2d 1252 (Ala.1990).
In its order entering the summary judgment for Maine Fidelity, the trial court stated that “the written documents signed by Maine Fidelity and Parsons directly contradict the alleged oral promises made to Parsons at the time he signed the documents,” and the court noted that Parsons acknowledged that he had read, understood, and signed the documents. The trial court then held that Maine Fidelity was entitled to a summary judgment, on the authority of Vance v. Huff, 568 So.2d 745 (Ala.1990). In Vance, this Court held that where two documents signed by one of the plaintiffs appeared to be the final expression of the parties’ agreement, where the plaintiff could read and was experienced as a businessperson, and where no attempt had been made to keep the plaintiff from reading the documents, the plaintiff could not justifiably rely on the defendant’s alleged representations that contradicted the terms of the written documents.
On the authority of Vance, we affirm the judgment of the trial court.
AFFIRMED.
MADDOX, ALMON, ADAMS, HOUSTON and INGRAM, JJ., concur.
SHORES and KENNEDY, JJ., dissent.