A.T. Stephens Enterprises, Inc., filed this action against Scott Transportation, Inc.; Austin Transportation, Inc.; Best Leasing, Inc.; Best Systems, Inc.; Transport Credit Inc.; Transportation Holding Company, Inc.; Transway Systems, Inc.; Arnold E. Johns; Roger Manis; Don Clay; and Doug Ford. All of the individual defendants were associated with Scott Transportation ("Scott"). The plaintiff sought damages based on allegations of breach of contract and conspiracy to steal, convert, or dissipate all of the assets of Scott and to defraud its creditors. After a trial, the jury returned a verdict for the plaintiff and against Scott on the breach-of-contract claim and assessed damages at $45,386.81. That award is not before us. The jury also found for the plaintiff and against Scott, Best Systems, Inc., and Arnold Johns on the conspiracy-to-defraud claim and assessed compensatory damages of $162,000 and punitive damages of $150,000. The jury found no liability for the remaining defendants. The trial court entered a judgment on that verdict; however, it then granted the motion for a judgment as a matter of law filed by Scott, Best Systems, Inc., and Johns (hereinafter the "defendants") on the conspiracy-to-defraud claim. The plaintiff Stephens appeals. We reverse and remand.
Arnold Johns owns Best Systems ("Best"). Best owns Scott, which Johns also incorporated.
On August 10, 1994, the plaintiff leased 17 trucks to Scott and assigned drivers for those trucks. The lease payments were to be based on the number of miles each truck was driven. Scott gave the plaintiff weekly settlement statements showing the amounts due for mileage and taking credit *Page 418 
for payments made by Scott to the plaintiff.
On September 19, 1994, Scott entered into an agency agreement with Sun Line Express ("Sun Line"), so that Sun Line handled the day-to-day management of Scott. On September 22, 1994, Scott agreed to make payments directly to the plaintiff's secured creditors rather than to the plaintiff. Scott would write a check to Sun Line, which would then write checks to the plaintiff's creditors. The checks written by Sun Line were not honored by the drawee bank.
Any checks from Scott to the plaintiff went through an intermediary, Employer's Contract Services ("Employer's"). On October 8, 1994, Scott sent to the plaintiff a statement claiming that it had paid $15,826.19 to Employer's, but Employer's refused to send the money to the plaintiff because Scott's check was not honored by the drawee bank. In addition, Scott represented to the plaintiff that it had escrowed insurance premiums of $455 a week. However, these funds were not escrowed. The plaintiff, because of these representations by Scott, continued to allow Scott to use its trucks and drivers. Eventually, the absence of payments became evident and the plaintiff sued.
The jury returned a verdict for the plaintiff, awarding $45,386 for breach of contract, $162,000 for conspiracy to defraud, and $150,000 in punitive damages. The court entered a judgment on that verdict; however, the court then granted the defendants' Rule 50(b), Ala.R.Civ.P., motion and set aside the judgment for the $162,000 and the $150,000. Thus, the court left in place a judgment for only $45,386 (the contract award). The trial court explained this ruling by stating that it had discovered errors in the record, including an improper charge to the jury concerning conspiracy to commit fraud, which required that it grant the defendants' Rule 50(b) motion.
This appeal presents three issues: (1) Did the plaintiff waive the right to challenge the trial court's postjudgment order by failing to identify in its notice of appeal the specific parts of the order it was complaining of? (2) Did the trial court err in granting the Rule 50(b) motion for a judgment as a matter of law? and (3) Did the defendants properly preserve for appellate review the denial of their motion for a new trial under Rule 59(a) and the denial of their Rule 59(e) motion?
The defendants contend that the plaintiff waived its right to challenge portions of the trial court's postjudgment order because its notice of appeal stated only that it was appealing the final order "granting the defendants a judgment as a matter of law." It did not refer to Rule 59(a) or Rule 59(e). The defendants cite a number of cases in support of this contention; however, none of these cases states that an issue is waived on appeal if the appellant does not mention it in the notice of appeal, but rather that assignments of error that are not argued in the appellant's brief are waived. Wilkinson v. Duncan, 294 Ala. 509,319 So.2d 253, 254 (1975); Lowery v. Stinson, 291 Ala. 415, 417,282 So.2d 244, 246 (1973); Britton v. Doehring, 286 Ala. 498, 504,242 So.2d 666, 671 (1970); Brittain v. Ingram, 282 Ala. 158, 162,209 So.2d 653, 656 (1968); Newton v. Town of Columbia, 695 So.2d 1213,1216 (Ala.Civ.App. 1997); see also Pardue v. Potter,632 So.2d 470, 473 (Ala. 1994); Deutcsh v. Birmingham Post Co.,603 So.2d 910 (Ala 1992); Bogle v. Scheer, 512 So.2d 1336 (Ala. 1987). The plaintiff argues in its brief all of the aspects encompassed in the trial court's postjudgment order; therefore, it has not waived any right to a review of those issues. See Rule 3(c), Ala.R.App.P.
The second issue relates to the trial court's postjudgment order. The defendants, in their postjudgment motion entitled "Motion to Set Aside Jury Verdict, Motion for a Judgment as a Matter of Law or, Alternatively, Motion for a New Trial and Other Matters," asked for a judgment *Page 419 
as a matter of law (Rule 50(b)); asked the court to alter, amend, or vacate the judgment (Rule 59(e)); asked for a remittitur; asked for a hearing on the question of excessiveness of the punitive-damages award, pursuant to Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986); and asked for a new trial (Rule 59(a)).
The trial court granted the Rule 50(b) request for a judgment as a matter of law. In reviewing a ruling on a motion for a judgment as a matter of law, this Court is bound by the same standard as the trial court:
 "We must determine whether the party with the burden of proof has produced sufficient evidence of a conflict warranting a jury's consideration. Macon County Comm'n v. Sanders, 555 So.2d 1054, 1056 (Ala. 1990); Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988). The evidence must be viewed in a light most favorable to . . . the nonmoving party. Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1367 (Ala. 1988); Wadsworth v. Yancey Bros. Co., 423 So.2d 1343, 1345
(Ala. 1982)."
Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 319 (Ala. 1992).
Rule 50(b) reads: "Whenever a motion for a judgment as amatter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion." (Emphasis added.) Implicit in this rule is the requirement that the party moving under Rule 50(b) for a judgment as a matter of law has already made a Rule 50(a) motion for a judgment as a matter of law at the conclusion of all the evidence. 1 Champ Lyons, Jr., Alabama Rulesof Civil Procedure Annotated, § 50.2, p. 840 (3d ed. 1996); GermanAuto, Inc. v. Tamburello, 565 So.2d 238, 240 (Ala. 1990); Dentonv. Foley Athletic Club, 578 So.2d 1314 (Ala.Civ.App. 1990). However, this Court has restricted this requirement to issues involving sufficiency of the evidence:
 "[T]he trial court is not fully prepared to determine the `insufficiency' issue (i.e., the lack of proof) until the close of all the evidence; and it is the wisdom of the revisit requirement that the motion for [judgment as a matter of law made after trial, formerly known as a motion for a judgment notwithstanding the verdict] affords the trial judge a second look at the `insufficiency' ground as a prerequisite for appellate review of the issue. No revisit
prerequisite, however, is built into Rule 50 with respect to rulings on pure questions of law."
Barnes v. Dale, 530 So.2d 770, 776-77 (Ala. 1988). Therefore, issues relating to the sufficiency of the evidence require a motion at the conclusion of all the evidence, but issues relating to pure questions of law do not.
The defendants filed a Rule 50(a) motion for a judgment as a matter of law at the close of the plaintiff's case, but they did not file such a motion at the close of all the evidence. They raised five grounds in their Rule 50(a) motion. The trial court did not specifically indicate which of those grounds it based its order on. Therefore, we look to all of them. In order to comply with Rule 50, we must first divide these issues into two groups: those dealing with questions of sufficiency of the evidence and those dealing with questions of law. The defendants raise three issues that concern the sufficiency of the evidence. They contend that the evidence is insufficient to support (1) a verdict for the plaintiff, (2) the award of compensatory damages, and (3) the award of punitive damages. Because the defendants made no Rule 50(a) motion at the conclusion of the evidence, the defendants waived their right to raise these issues in their Rule 50(b) motion.
The first issue dealing with a question of law is whether Alabama recognizes a cause of action for conspiracy to defraud a creditor. This Court has stated that a civil conspiracy is a combination of *Page 420 
two or more persons acting to accomplish an unlawful end or to accomplish a lawful end by unlawful means. Nelson v. Universityof Alabama System, 594 So.2d 632, 634 (Ala. 1992); Barberv. Stephenson, 260 Ala. 151, 69 So.2d 251 (1953); Eidson v.Olin Corp., 527 So.2d 1283, 1285 (Ala. 1988). Furthermore, this Court has a number of times discussed the claim of conspiracy to defraud. See McLemore v. Ford Motor Co., 628 So.2d 548
(Ala. 1993); Lucas v. Hodge, 589 So.2d 154 (Ala. 1991); AlliedSupply Co. v. Brown, 585 So.2d 33 (Ala. 1991). Nothing in the statutes or caselaw this Court has been shown would prohibit a creditor of one of the conspirators from bringing an action based upon this cause of action.
The defendants' other ground for a judgment as a matter of law is their contention that A.T. Stephens, who runs A.T. Stephens, Inc., filed a personal bankruptcy petition that did not list these claims against the defendants. Therefore, they say, he is barred from collecting on them now. Stephens did file for Chapter 7 relief, but the plaintiff, A.T. Stephens Enterprises, Inc., filed only for a Chapter 11 reorganization. The defendants' argument is based on the Chapter 7 filing by Stephens as an individual. The fact that Stephens disclosed A.T. Stephens Enterprises, Inc., as a trade name in the proper place on the Chapter 7 petition, as required by the Chapter 7 form, does not mean that the plaintiff corporation, as well as Stephens individually, filed for Chapter 7 relief. The plaintiff did appear to be a codebtor on three loans involved in the Chapter 7 bankruptcy proceeding, but the defendants have failed to prove that any of the discharges received under the Chapter 7 bankruptcy proceeding were received by the plaintiff or by anyone other than Stephens the individual. Therefore, no bar to the plaintiff's recovery arises as a result of Stephens's individual bankruptcy proceedings, because the bankruptcy court hearing the Chapter 7 petition had no power to release the plaintiff A.T. Stephens Enterprises, Inc., from its debts. See Chitwood v. Carlson,346 So.2d 1149, 1151-52 (Ala. 1977).
All of the remaining grounds set out by the defendants in their motion would be grounds supporting a request for a new trial, not a request for a judgment as a matter of law. Therefore, because all of the defendants' grounds offered in support of the judgment as a matter of law are insufficient to support that judgment, we reverse the judgment as a matter of law issued under Rule 50(b).
The next motion is a Rule 59(a) motion for a new trial. Rule 50(c)(1), Ala.R.Civ.P., states:
 "If the renewed motion for judgment as a matter of law is granted, the [trial] court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court."
This Court has interpreted that rule to require a mandatory ruling by the trial court on a motion for a new trial that is filed with a Rule 50(b) motion for a judgment as a matter of law.Ex parte Handley, 494 So.2d 24 (Ala. 1986). Furthermore, the failure of the trial court to rule on such a motion is clear error. Id. at 24; White v. Parker, 345 So.2d 312 (Ala.Civ.App. 1977); cf. Gordon Mailloux Enters., Inc. v. Firemen's Ins. Co.,366 F.2d 740 (9th Cir. 1966). *Page 421 
The trial court clearly erred in not simultaneously ruling on the motion for a judgment as a matter of law and the motion for a new trial. Usually, this error would require that the movant point out that error to the trial court and/or to the appellate court, and the failure to do so would constitute a waiver of the motion for a new trial. Lyons, Alabama Rules of Civil Procedure,supra, § 50.7, p. 845; Handley So.2d at 24. Alabama caselaw also provides for an exception to the rule stated above, an exception that allows an appellate court on its own motion to remand the action for the trial court to rule on the motion for a new trial if the movant has argued the merits of the motion at trial and on appeal. Luker v. City of Brantley, 520 So.2d 517,522-23 (Ala. 1987). The defendants argued their grounds for a new trial both before the trial court and here; therefore, while we reverse the order granting the defendants' motion for a judgment as a matter of law, we remand this action for a ruling on the Rule 59 motion for a new trial.
REVERSED AND REMANDED.
MADDOX, HOUSTON, SEE, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
BROWN, J., concurs in the result.