815 So.2d 511 (2001)
Arnold E. JOHNS et al.
v.
A.T. STEPHENS ENTERPRISES, INC.
1991710.
Supreme Court of Alabama.
April 6, 2001.
Opinion on Return to Remand September 7, 2001.
*513 Edwin O. Rogers and Jeffrey D. Dyess of Hand Arendall, L.L.C., Birmingham, for appellants.
Charles Cleveland of Cleveland & Cleveland, P.C., Birmingham, for appellee.

On Application for Rehearing
PER CURIAM.
The opinion released December 15, 2000, is withdrawn and the following is substituted therefor.
This case is before us for a second time. In A.T. Stephens Enterprises, Inc. v. Johns, 757 So.2d 416 (Ala.2000), the plaintiff A.T. Stephens Enterprises, Inc. (hereinafter "Stephens"), appealed a judgment as a matter of law (JML) against its conspiracy-to-defraud claim; the JML had been entered in favor of the defendants Scott Transportation, Inc., Best Systems, Inc., and Arnold Johns, following a jury verdict for Stephens. We reversed the JML and remanded the case for the trial judge to rule on the defendants' new-trial motion.[1] Because the judge who had ruled on the defendants' JML motion (hereinafter the "trial judge") had retired, the case was reassigned to another judge. That judge denied the defendants' motion for a new trial. The defendants appeal. We remand for a hearing on the question of excessiveness of the punitive-damages award, in accordance with Ala.Code 1975, § 6-11-23(b).
For a full recitation of the facts and procedural history of this case, see A.T. Stephens Enterprises, Inc. v. Johns, supra.
This appeal presents the following issues: (1) Is the ruling on the new-trial motion entitled to any presumption of correctness? (2) Is the verdict for Stephens on the conspiracy-to-defraud claim supported by sufficient evidence? (3) Did the omission of a jury instruction outlining the elements of fraud cause juror confusion and unfairly prejudice the defendants? (4) Was deposition testimony from a prior action improperly used at trial against Johns and Best Systems? (5) Was Johns unfairly prejudiced by his court-excused absence from the trial after the trial judge had rescinded the judgment he had entered in Johns's favor? (6) Did the trial judge err in admitting evidence of the defendants' *514 wealth and in allowing the plaintiffs counsel to comment on the wealth of the defendants, and, if so, did those comments unfairly prejudice the defendants? (7) Is the jury's award of compensatory damages excessive? (8) Is the jury's award of punitive damages supported by sufficient evidence? (9) Did the judge err by failing to conduct a post-trial hearing to determine whether the punitive-damages award was excessive? and (10) Assuming that multiple errors occurred below, and that none of these errors, taken separately, requires a reversal, does the cumulative effect of the errors require this Court to order a new trial?
Initially, we note that all errors concerning the trial judge's entry of the JML were addressed in the previous appeal. On this appeal, we will consider only those issues dealing with the ruling on the defendants' motion for a new trial. Thus, we will not address issues two and eight because they concern the sufficiency of the evidence.
With respect to the first issue, the defendants argue that the denial of the new-trial motion is not entitled to any presumption of correctness because the judge who ruled on the motion did not preside over the original trial and did not have first-hand knowledge of the testimony and the evidence. Verdicts are presumed correct when the trial court considers a motion for a new trial. Callahan v. Booth, 275 Ala. 275, 278, 154 So.2d 32, 36 (1963). This presumption is strengthened when the same judge denies a motion for a new trial. Grandquest v. Williams, 273 Ala. 140, 145, 135 So.2d 391, 394 (1961). Here, the jury's verdict is not entitled to this strengthened presumption of correctness, because the judge who denied the new-trial motion was not present at the trial. However, the presumption of correctness that attaches to the jury's verdict does not evaporate merely because another judge ruled on the motion for a new trial. Thus, we hold that the jury's verdict is entitled to the general presumption of correctness.
As to the third issue, the defendants question the omission of a jury instruction on the elements of fraud. They argue that in order for the jury to find in favor of Stephens on the conspiracy-to-defraud claim, the trial judge needed to instruct the jurors on the elements of fraud. However, the record reflects that defense counsel neither challenged the omission of a fraud instruction nor requested the trial judge to give such an instruction. No party can raise as an error on appeal the omission to instruct, or the giving of instructions, unless that party makes a proper objection at trial. Rule 51, Ala. R. Civ. P.; Ex parte Williams, 571 So.2d 987, 989 (Ala.1990). Thus, we cannot consider this argument, because the defendants made no effort to raise the issue at trial and preserve it for appeal.
Concerning the fourth issue, Johns and Best Systems argue that the trial judge erred in admitting deposition testimony that, they say, the jury inappropriately used against them. Stephens introduced at trial depositions from a previous bankruptcy action involving Stephens and Scott Transportation. Because the bankruptcy action did not involve Johns and Best Systems, the trial judge instructed the jury that the testimony was inadmissible against them. They argue that the testimony was entirely inadmissible because, they say, it unfairly prejudiced them and the prejudice could not be eradicated with a curative instruction.
The Alabama Rules of Evidence permitted the use of these depositions. The deposition testimony was hearsay admissible under Rule 804(b)(1), Ala. R. Evid., as "former testimony" of an unavailable *515 declarant (all of the deposed persons were absent from trial).[2] Rule 804(b)(1) allows "former testimony"hearsayto be admitted if it is
"[t]estimony of a witness, in a former trial or action, given (A) under oath, (B) before a tribunal or officer having by law the authority to take testimony and legally requiring an opportunity for cross-examination, (C) under circumstances affording the party against whom the witness was offered an opportunity to test his or her credibility by cross-examination, and (D) in litigation in which the issues and parties were substantially the same as in the present cause."
The trial judge took reasonable measures to ensure that the testimony was used correctly. The record indicates that, before admitting the depositions, the trial judge sifted through the documents and excluded portions he found to be prejudicial and/or irrelevant. He also granted certain objections by the defendants during the plaintiff's reading of the depositions. Finally, pursuant to Rule 105, Ala. R. Evid.,[3] the trial judge properly instructed the jurors that they should consider the deposition testimony only with respect to the claims against Scott Transportation and not with respect to the claims against the other defendants. The fact that the jury found against Johns and Best on the conspiracy claim is not definitive evidence indicating that as to those defendants it relied on the deposition testimony. The record contains sufficient evidence, absent the deposition testimony, to support the jury's conclusion that Johns and Best Systems conspired to defraud Stephens. Thus, we conclude that the trial judge correctly admitted the depositions.
Concerning the fifth issue, Johns contends that his court-excused absence from the trial had a prejudicial effect on the jury. The record indicates that after Stephens rested its case, the trial judge entered a JML in favor of Johns and permitted Johns to leave for the remainder of the trial. However, the next morning, the trial judge changed his mind and rescinded the JML. The record further indicates that defense counsel expressed little concern over Johns's absence and that the plaintiff's counsel agreed to any accommodations that might have been needed to ensure Johns's presence. Johns's counsel did not move to continue the trial and did not object when the trial judge concluded that he could not "think of any prejudice" resulting from the jury's being made aware of Johns's JML. The trial judge then explained to the jury that Johns had an emergency meeting out of town.
Because neither he nor his attorney objected to the judge's continuing the trial in his absence, Johns did not preserve this issue for appeal. Ex parte Williams, 571 So.2d 987, 989 (Ala.1990). In any event, Johns had the responsibility to follow the status of his trial. "[A]ll parties litigant, once in court, either for themselves or through their attorneys[,] must keep track of their case, [and] know [its] status...." Averett v. Averett, 255 Ala. 606, 610, 52 So.2d 371, 374 (1951). Johns's absence is not per se prejudicial, and his presence was not necessary to the validity of the trial. Whaley v. State ex rel. Bland, *516 263 Ala. 191, 194-95, 82 So.2d 187, 189 (1955). We are persuaded that Johns's absence caused him little, if any, prejudice, because he had the opportunity to attend the remainder of the trial and chose not to.
As to their sixth issue, the defendants argue that the trial judge erred in admitting evidence of their wealth and that the plaintiff's counsel made prejudicial comments regarding that evidence.
In his closing argument, the plaintiff's counsel stated:
"Now, what's happened is we've found out all these corporations are just shells. They don't have anything. No assets. So they don't have any money. They don't have any capital."
Defense counsel objected; the trial judge overruled the objection, reminding counsel that the jury would "rely on its recollection of the testimony."
Stephens alleged that Johns created certain corporations as "shell corporations" in order to defraud Stephens. Johns testified at trial that he incorporated Best Systems and owned all its stock; that he incorporated Scott Transportation and pledged all its stock to Best Systems; and that he created Scott Transportation to acquire the assets of another transportation company. The record indicates that four months after Johns incorporated Scott Transportation, it could no longer pay Stephens pursuant to their leasing arrangement. The record further demonstrates that by the time of trial, Scott Transportation was out of business and had no assets, that Best Systems' only asset was the stock in Scott Transportation, and that the other transportation company was financially ruined.
Citing Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989), the defendants contend that evidence of their financial worth was inadmissible because, they say, it "`impermissibly impugn[ed] the [fact-finding] process regarding liability.'" 539 So.2d at 223. However, when evidence of financial worth goes to a material issue in the case, it is admissible. Johnson v. Harrison, 404 So.2d 337, 339 (Ala.1981). Wealth, or the lack thereof, was a material issue because the trier of fact needed to ascertain whether the corporations Johns had created were "shell corporations" that he had used to dissipate Scott Transportation's funds and thereby defraud Stephens. Thus, the evidence concerning the defendants' lack of capital was admissible as going to a material issue, and the plaintiff's counsel was free to argue reasonable inferences from that evidence.
With respect to the seventh issue, the defendants contend that the evidence does not support a compensatory-damages award of $162,000 on the conspiracy-to-defraud claim. Citing Ala.Code 1975, § 8-9A-7(a)(1), the defendants first argue that the normal remedy for a fraudulent conveyance is not damages, but rather a rescission or avoidance of the conveyance. Although the defendants are correct in arguing that a Code section provides creditors with avoidance as a remedy, the same section expands the remedial list to include "[a]ny other relief the circumstances may require." Ala.Code 1975, § 8-9A-7(a)(3)c. We conclude not only that the law permits damages awards in cases involving fraudulent conveyances, but that the facts of this case require such an award.
The defendants also argue that the jury improperly awarded Stephens the same damages on both the breach-of-contract claim and the conspiracy-to-defraud claim. The jury found against Scott Transportation on the breach-of-contract claim and awarded Stephens $45,386.81 in compensatory damages. As noted (see note 1), the trial judge entered a judgment *517 on that part of the verdict. That judgment is not before us. The jury also found against Johns, Scott Transportation, and Best Systems on the conspiracy-to-defraud claim and awarded Stephens $162,000 in compensatory damages on that claim. The defendants argue that Stephens cannot collect damages on both claims because to do so would allow it an impermissible double recovery of damages for the same conduct. In Alabama, a single transaction can support an award of damages for both breach of contract and fraud when there is sufficient evidence in the record to support each claim and each award. See Herring v. Prestwood, 414 So.2d 52 (Ala.1982); Deupree v. Butner, 522 So.2d 242 (Ala. 1988).
Although the two claims in this case intertwine, they are distinct claims and arise from different conduct. On the one hand, Scott Transportation and Stephens entered into a contract in which Stephens agreed to provide Scott Transportation with trucks and drivers and Scott Transportation in turn agreed to pay Stephens for its services. Scott Transportation's failure to pay Stephens created the breach-of-contract claim. On the other hand, Johns, the owner of Scott Transportation, pledged all the company's stock to Best Systems, another corporation Johns owned. This conveyance, which the jury determined Johns used to defraud Stephens, led to the conspiracy-to-defraud claim. The claims overlap because the conveyance left Scott Transportation with no assets or capital and stripped it of its ability to perform the contract and to pay Stephens.
Furthermore, Stephens did not receive a double recovery, because each of the compensatory-damages awards is based on different evidence. Regarding the award on the breach-of-contract claim, Stephens presented evidence indicating that Scott Transportation owed Stephens payments for payroll and for truck repairs, pursuant to the leasing agreement. With respect to the conspiracy-to-defraud claim, Stephens introduced additional evidence of lost profits that it incurred because of Scott Transportation's inability to perform its duties under the contract.
Finally, the defendants argue that the jury improperly based its verdict on evidence of Stephens's lost profits, evidence they say was too speculative to form a basis for the award of damages. However, lost profits are recoverable if they are proved with reasonable certainty. Super Valu Stores, Inc. v. Peterson, 506 So.2d 317, 327 (Ala.1987). The plaintiff's counsel introduced, without any objection from the defense, a letter from the management of Scott Transportation to Stephens, which outlined the agreement and stated that Stephens would receive a weekly gross profit of $3,112.02. The record further indicates that Stephens and Scott Transportation intended to transact business for at least a year. In order to arrive at a yearly profit, Stephens multiplied the weekly total by 52 weeks, for an annual gross amount of $161,825.04 We conclude that the jury's award of $162,000 in compensatory damages was based on lost profits, which Stephens reasonably ascertained. Therefore, the lost profits are recoverable.
As to their ninth issue, the defendants argue that the trial court failed to conduct posttrial hearings to determine whether the punitive-damages award was excessive. Upon remand, the defendants filed a motion to vacate the judgment or for a new trial, in which they requested a hearing to review the jury's punitive-damages award. In their motion, the defendants claimed that the evidence did not support the jury's punitive-damages award of $150,000 and that the award violated certain constitutional *518 rights. The record shows that the trial court denied the motion, without explanation.
The right to a hearing is codified in Ala.Code 1975, § 6-11-23(b), which states:
"In all cases wherein a verdict for punitive damages is awarded, the trial court shall, upon motion of any party, either conduct hearings or receive additional evidence, or both, concerning the amount of punitive damages."
The defendants contend that they are entitled to such a hearing, relying on Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), in which we held that a court can reduce a jury's award of punitive damages if the defendant shows (1) that the amount of the award is excessive and (2) that because of the excessiveness of the award the defendant is being deprived of property in contravention of constitutional protections. 493 So.2d at 1378.
We conclude that the defendants did properly invoke the trial court's authority to hold such a hearing on their "Motion to Set Aside Jury Verdict, Motion for a Judgment as a Matter of Law, or, Alternatively, Motion for a New Trial and Other Matters." In that motion the defendants asked the court "to conduct a hearing and review the jury's punitive-damages award pursuant to Ala.Code 1975, § 6-11-23(b) and Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986)," and as grounds for that motion they alleged that "[t]he ... amount of punitive damages was not supported by substantial evidence."
Therefore, we remand for the trial court to conduct a hearing on the question of excessiveness of the punitive-damages award, in accordance with Ala.Code 1975, § 6-11-23(b). We direct the trial court to make a return within 60 days.
APPLICATION GRANTED; OPINION OF DECEMBER 15, 2000, WITHDRAWN; OPINION SUBSTITUTED; REMANDED.
MOORE, C.J., and SEE, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
HOUSTON, J., concurs specially.
JOHNSTONE, J., concurs in the rationale in part and concurs in the judgment.
WOODALL, J., recuses himself.[*]
HOUSTON, Justice (concurring specially).
The punitive-damages award in this case falls below the "benchmark amount" I suggested in my special writing in Prudential Ballard Realty Co. v. Weatherly, 792 So.2d 1045 (Ala.2000) (Houston, J., concurring), which was the "greater of $20,000 or 3 times the compensatory-damages award," I concede that the Legislature has given the defendants a right to a hearing and the Legislature certainly had the power to do so. Alabama Constitution of 1901, Amendment No. 328, § 6.11. In this present case, the punitive-damages award of $150,000 is less than the compensatory-damages award of $162,000which, in my opinion, automatically causes the punitive-damages award to be presumed reasonable except in the most extraordinary situations. Id.; see Wilson v. Dukona Corp., N.V., 547 So.2d 70 (Ala.1989); Employees' Benefit Ass'n v. Grissett, 732 So.2d 968 (Ala.1998); Ford Motor Co. v. Sperau, 708 So.2d 111 (Ala.1997).
JOHNSTONE, Justice (concurring in the rationale in part and concurring in the judgment).
I concur in all holdings and in the judgment, except that I concur only in the result of the treatment of the issue of the admissibility of the Scott Transportation bankruptcy deposition testimony against Johns and Best. Johns incorporated both Best and Scott Transportation and owned *519 all the stock of Best, which, in turn, owned all the stock of Scott Transportation. These undisputed facts, together with other evidence of record, establish enough privity among the threeJohns, Best, and Scott Transportationto satisfy the requirement of Rule 804(b)(1), Ala. R. Evid., that the parties to the latter proceeding be substantially the same as the parties to the former and thereby to warrant the introduction of the Scott Transportation bankruptcy deposition testimony against not only Scott Transportation but also Johns and Best. The trial judge's limiting instruction in favor of Johns and Best was just lagniappe for them.

On Return to Remand
HOUSTON, Justice.
The plaintiff A.T. Stephens Enterprises, Inc. ("Stephens"), appeals from a judgment as a matter of law ("JML") against its conspiracy-to-defraud claim. The JML had been entered in favor of the defendants Scott Transportation, Inc., Best Systems, Inc., and Arnold E. Johns, following a jury verdict for Stephens, awarding Stephens $162,000 in compensatory damages and $150,000 in punitive damages. This Court reversed the JML and remanded the case for the trial court to rule on the defendants' motion for a new trial. See A.T. Stephens Enters., Inc. v. Johns, 757 So.2d 416 (Ala.2000). The trial court denied the motion, and the defendants appealed. This Court remanded the case for a hearing on the question of excessiveness of the punitive-damages award, in accordance with Ala.Code 1975, § 6-11-23(b). See Johns v. A.T. Stephens Enters., Inc., 815 So.2d 511 (Ala.2001). Pursuant to our instructions, the trial court, on June 1, 2001, held a hearing pursuant to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989). The trial court reaffirmed the punitive-damages award of $150,000. The trial court made its return to this Court on July 6, 2001.
The trial court entered the following order:
"This cause came to be heard on the defendants' Motion to Alter, Amend or Vacate the Jury's Award of Punitive Damages. In accordance with the mandate of the Alabama Supreme Court, this court conducted a hearing on June 1, 2001, to determine the excessiveness of the punitive damages award. All parties were represented by counsel at this hearing, and no party presented testimony outside of the record at trial. However, the circuit court judge directing this order is the third judge to be involved in this mattertwo judges removed from the trial on the merits of the case. This court is left to determine the excessiveness based solely upon the consideration of the transcript of the evidence at trial, along with the briefs and arguments presented at the hearing, without the benefit of experiencing the trial firsthand.
"The issue with regard to excessiveness of punitive damages must be addressed by the application of the standards set forth in Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989). The Supreme Court reaffirmed the Hammond-Green Oil test for excessiveness and added three additional factors in BMW v. Gore, 701 So.2d 507 (Ala.1997). Having reviewed these cases, and applying the requisite standards to the given facts, this Court finds that each of the factors warrant the imposition of punitive damages in the amount awarded. Most notably, when the trial on the merits was held, the jury awarded $162,000 in compensatory damages [its] determination of the measure of actual harm suffered by the plaintiff. The amount of punitive damages awarded *520 by the jury was $150,000, an amount less than the compensatory award, at a ratio of 1 to .925.
"Therefore, this Court is of the opinion that the award of punitive damages in this case was not excessive. The Court hereby upholds the verdict reached by the jury, and orders the award of punitive damages in this case to stand."
(Emphasis original.)
After reviewing the trial court's order, we agree that $150,000 is sufficient to punish the defendants for their misconduct and to deter them from further misconduct, without compromising their due process rights. The punitive-damages award of $150,000 is hereby affirmed.
AFFIRMED.
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
WOODALL, J., recuses himself.[*]
NOTES
[1] The trial judge also entered a $45,386 judgment on the jury's verdict against Scott Transportation on the plaintiff's breach-of-contract claim. That judgment was not before us on the previous appeal, and it is not before us now.
[2] Johns and Best Systems do not question the "unavailability" of the declarants. The record indicates that these persons resided outside Alabama.
[3] Rule 105 reads:

"When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."
[*] Justice Woodall was the trial judge in this case.
[*] Justice Woodall was the trial judge in this case.