On Application for Rehearing

CRAWLEY, Presiding Judge.
On application for rehearing, Sherry Pritchett (“the tenant”) argues that this court erred by remanding the cause to the trial court with instructions to reinstate the verdict in favor of the Housing Authority of the Birmingham District (“the landlord”). Citing Rule 50(c)(1), Ala. R. Civ. P., and Ex parte Handley, 494 So.2d 24 (Ala.1986), the tenant contends that we should have remanded the cause to the trial court with instructions to rule on her motion for a new trial. Rule 50(e)(1) states:
“(1) If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and *831 shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise'ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.”
(Emphasis added.) See also A.T. Stephens Enters., Inc. v. Johns, 757 So.2d 416, 420 (Ala.2000)(stating that the Alabama Supreme Court “has interpreted [Rule 50(c)(1) ] to require a mandatory ruling by the trial court on a motion for a new trial that is filed with a Rule 50(b) motion for a judgment as a matter of law” and that “the failure of the trial court to rule on such a motion is clear error”). The Committee Comments on the 1973 Adoption of Rule 50 state, in pertinent part:
“In an effort to eliminate unnecessary remands and evidentiary review by stale or unfamiliar minds, Rule 50(c) was devised. The procedure, in effect, requires the judge who has granted [a judgment as a matter of law (‘JML’) ] to also render an advisory opinion on any alternative motion for a new trial so the appellate court might have the benefit of this view in the event they reverse him on his grant of a [JML]. Thus, the appellate court can have an answer to the question, ‘Now that you have found out you erred in giving the -verdict-loser a [JML], would you give him a new trial?’ Note that the new trial ruling, if conditionally granted, is not binding on the appellate court.”
In Ex parte Handley, supra, a homeowner sued the City of Birmingham, alleging .negligence when raw sewage backed up into her home. After the jury rendered a verdict in favor of the homeowner, the City moved for a judgment notwithstanding the verdict (“JNOV”) (now a postver-dict judgment as a matter of law (“JML”)) and, in the alternative, for a new trial. The trial court granted the JNOV but did -not rule on the motion for a new trial. The homeowner appealed to the Alabama Supreme Court; that court held that the evidence was sufficient to support the verdict, reversed the JNOV, and remanded the cause to the trial court. On remand, the City asked the trial court to rule on its earlier motion for a new trial; the trial court granted the motion. The homeowner then petitioned for a writ of mandamus to compel the trial court to vacate its order granting a new trial. The Alabama Supreme Court granted the petition and issued the writ, recognizing that the trial court had erred by failing in ,the first instance to rule on the City’s motion for a new trial but holding that the City had waived that error by failing to raise the issue on appeal. The supreme court noted that the City, as the appellee, “could have raised the issue on [the homeowner’s] appeal without filing a cross-appeal.” Ex parte Handley, 494 So.2d at 25 n. 2.
“When the trial court fails [to rule on the alternative motion for new trial], and the non-moving party (the verdict winner) appeals the grant of [the JML], the movant must raise an issue on appeal as to the - failure of the trial court to enter the conditional ruling. If it does not do so, it will be held to a waiver of the right to a new trial in the event [the JML] is reversed. See Ex parte Handley; 494 So.2d 24 (Ala.1986).”
2 Champ Lyons, Jr., and Ally W. Howell, Alabama Rules of Civil Procedure Annotated § 50.7 (4th ed. 2004).
*832 The tenant argues that Ex parte Handley is distinguishable and cites Luker v. City of Brantley, 520 So.2d 517, 523 (Ala.1987), for the proposition that she has not waived the right to have her new-trial motion ruled upon. In Luker, the City of Brantley — the appellee against whom a verdict was rendered and for whom the trial court entered a JML without ruling on its alternative motion for a new trial— argued in its brief on original submission of the appeal that the trial court had erred by failing to rule on its motion for a new trial. Accordingly, the Alabama Supreme Court remanded the cause to the trial court with instructions to consider the new-trial motion. In so doing, the court stated:
“[Wjhere the issue of a new trial has arisen, as it has in the present case, before jurisdiction of the case has passed back to the trial court on remand with limiting instructions, a party’s right to have its motion for a new trial ruled upon by the trial court has not been waived.”
Luker, 520 So.2d at 523. Relying on the quoted language, the tenant contends that she has not waived her right to a ruling on the new-trial motion because she raised the issue on application for rehearing — a time that, she points out, is before the issuance of a certificate of judgment and “before jurisdiction of the case has passed back to the trial court on remand with limiting instructions.”
Although the tenant’s brief on original submission of this appeal did not allege any error, or even mention the trial court’s failure to rule on her new-trial motion, we conclude that the tenant has not waived the issue. Reading Ex parte Handley and Luker v. City of Brantley together, it appears that our supreme court considers it crucial that the appellate court be apprised of the new-trial issue before the matter is returned to the jurisdiction of the trial court. The tenant’s argument on application for rehearing satisfies that criterion. Therefore, we grant the tenant’s application for a rehearing, reverse the JML in favor of the tenant, and remand the cause to the trial court with instructions to consider and rule upon the tenant’s motion for a new trial.
APPLICATION FOR' REHEARING GRANTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
BRYAN, J., concurs.
PITTMAN, J., concurs in the result, without writing.
THOMPSON, J., dissents, without writing.
MURDOCK, J., dissents, with writing.